IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-115-ALM |
| | § | |
| JAMES CORY MCDANIEL (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant James Cory McDaniel's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 7, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Lesley Brooks.

Defendant was sentenced on May 28, 2015, before The Honorable Terry R. Means of the Northern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of IV, was 100 to 125 months. Defendant was subsequently sentenced to 72 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include mental health treatment; substance abuse testing and treatment; pay court-ordered child support; and a $100 special assessment. On January 24, 2019, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Plano Office. On April 26, 2021, jurisdiction of this case was transferred to the Eastern District of Texas, and assigned to U.S. District Judge Amos L. Mazzant, III.

On May 18, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) The defendant shall refrain from any unlawful use of a controlled substance; (2) The defendant shall refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (3) The defendant shall not leave the judicial district without the permission of the Court or probation officer; (4) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (5) The defendant shall not associate with any persons engaged in criminal activity, and shall not associated with any person convicted of a felony unless granted permission to do so by the probation officer; and (6) The defendant shall participate in a program approved by the probation office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $50 per month [Dkt. 2 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On February 8, March 4 and 23, 2021, Defendant submitted urine specimens that tested positive for methamphetamine. Defendant admitted to usage, and all of the specimens were confirmed positive by Alere Toxicology Services; (3) On January 21, 2021, Defendant traveled to the Choctaw Casino in Thackerville, OK, without the permission of the probation officer; (4) On January 21, 2021, Defendant failed to report to the U.S. Probation Office in Plano, TX, as directed; (5) During an office visit on February 8, 2021, Defendant admitting to associating with persons who are engaged in criminal activity, i.e. illicit drug usage; and (6) Defendant failed to report for drug testing at

McCary Counseling Services in Denton, TX, on March 15 and 19, 2021, and April 12 and 30, 2021. He also failed to attend substance abuse counseling sessions at McCary Counseling Services during the month of March and April 2021 as directed. Defendant was admitted for a 28-day residential drug treatment program at Homeward Bound, Inc. in Dallas, TX, on April 26, 2021; however, he voluntarily left the program on April 27, 2021, and thus failed to successfully complete the program [Dkt. 2 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations of the Petition. Having considered the Petition and the plea of true to allegations 1 through 6, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 15].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**SIGNED this 25th day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE